UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUENTIN L. TAYLOR, )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>ALLEN, )<br>ARNOLD, )<br>INDIANA DEPARTMENT OF )<br>CORRECTIONS, )<br>PENDLETON CORRECTIONAL FACILITY, )<br>COOPER, )<br>)<br>        Defendants. ) | No. 1:25-cv-01553-JPH-CSW |

**ORDER SCREENING COMPLAINT AND DIRECTING
FURTHER PROCEEDINGS**

Plaintiff Quentin Taylor is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He filed this civil action alleging constitutional violations. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Taylor names five defendants in his complaint: (1) Warden Allen; (2) Commissioner Arnold; (3) Indiana Department of Corrections ("IDOC"); (4) Pendleton Correctional Facility; and (5) Sgt. Cooper. Mr. Taylor's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

On April 9, 2025, Mr. Taylor had a mental health breakdown and requested medical assistance. Dkt. 1 at 7. Sgt. Cooper was radioed to address the situation but arrived agitated and aggressive. *Id.* Mr. Taylor explained his extensive history with mental health issues and suicidal thoughts to Sgt. Cooper, who responded "I don't have time for this shit tonigh[t.] If you want to be suicidal, then I'm going to lock your ass in the shakedown booth for the rest of my shift so I don't have to deal with your bullshit." *Id.* Sgt. Cooper ordered another officer to handcuff Mr. Taylor and escort him to the shakedown booth. *Id.*

2

Once secured in the shakedown booth, Mr. Taylor requested that his handcuffs be removed or placed in front because he was safely secured, and the handcuffs were extremely tight. *Id.* at 8. Anytime Mr. Taylor tried to move or sit down, the handcuffs would become tighter. *Id.* Sgt. Cooper denied this request. *Id.* Two hours later, Mr. Taylor's hands became numb, and his shoulder began to hurt. *Id.* He once again pleaded with Sgt. Cooper to remove or readjust the handcuffs, and additionally requested his inhaler and water. *Id.* Sgt. Cooper responded stating "you should [have] thought about that before you were suicidal" once again denying his request. *Id.*

An additional two hours passed, and Mr. Taylor began experiencing severe pain in his left wrist and major discomfort in his shoulder. *Id.* at 9. He once again told Sgt. Cooper that he was asthmatic and needed his inhaler and also showed him how tight the handcuffs were. *Id.* Mr. Taylor's fingers had gone numb, and his range of motion was extremely limited. *Id.* Sgt. Cooper responded stating, "I bet you will think about this the next time you want to be suicidal, you will be alright." *Id.* He also said that he had just tried contacting medical but was met with no answer, so Mr. Taylor would have to wait until med pass to be seen. *Id.* at 10. When Mr. Taylor asked why he waited five hours to contact medical staff, Sgt. Cooper responded stating, "It was not an emergency situation, you[']r[e] locked in the shakedown booth, you[']r[e] alright." *Id.*

When a nurse entered the cellhouse, Mr. Taylor yelled for her help, asking her for water and his inhaler, and showing her the severe pain he was in due to the tightness of his handcuffs. *Id.* The nurse told Mr. Taylor that nobody had

3

contacted medical and informed them of his situation. *Id.* at 11. The nurse then requested that Sgt. Cooper provide Mr. Taylor with his inhaler, and water, and remove his handcuffs as a matter of health and safety. *Id.* Sgt. Cooper disregarded her request and responded "soon as breakfast lines are complete we will escort him to medical to be assessed. No need to uncuff him . . . just to re-cuff him up." *Id.* The nurse once again requested the removal of the handcuffs so that she could take his vital signs. *Id.* They were not removed. *Id.* Mr. Taylor was in the shakedown booth with the handcuffs on from about 9:00 pm to 5:30 am. *Id.* at 12. Since this incident, Mr. Taylor fears requesting mental health treatment and reporting suicidal thoughts. *Id.* at 14.

Mr. Taylor seeks monetary damages and injunctive relief in the form of requiring defendants to ensure that he is seen by a specialist to evaluate his injury, and to adjust policies so that they are constitutional. *Id.* at 16.

### III. Discussion of Claims

Although a plaintiff need not plead legal theories in a complaint, see Fed. R. Civ. P. 8(a), Mr. Taylor has identified the theories he wishes to use—Eighth Amendment conditions-of-confinement, excessive force, deliberate indifference, failure to protect; First Amendment retaliation; *Monell* liability; Americans with Disabilities Act; and the Rehabilitation Act. Where a pro se litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. Apex 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*,

4

559 F.3d 595, 606-07 (7th Cir. 2009)). Mr. Taylor asks that the Court "identify any additional claims that [he] has not identified." Dkt. 1 at 15. The Court analyzes Mr. Taylor's claims only under the theories he has identified, as it has not identified any other claims upon review.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, any claim against Pendleton Correctional Facility is **dismissed** for failure to state a claim upon which relief can be granted because it is a building, not a suable entity under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility*, No. 3:18CV18-PPS/MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

Second, any *Monell* claim against the Indiana Department of Correction is **dismissed** because the IDOC, as a state agency, is not a "person" subject to suit under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Similarly, any *Monell* claim against Warden Allen and Commissioner Arnold must also be **dismissed**. *Monell* applies to municipalities and private entities that perform government services—not state agencies or their employees, like the defendants here.

Third, any claim under the Americans with Disabilities Act or Rehabilitation Act is **dismissed**. Those claims are based on Mr. Taylor's allegations that he was denied mental health care. But the "ADA and the

5

Rehabilitation Act do not apply when a prisoner simply disagrees with his course of medical treatment." *McDaniel v. Syed*, 115 F.4th 805, 828 (7th Cir. 2024); *see also Underhill v. Lawrence Cnty. Sheriff's Dep't*, No. 420CV00125SEBDML, 2021 WL 2312813, at *1 (S.D. Ind. June 7, 2021) (inadequate medical care cannot serve as the basis for a claim under the ADA or the Rehabilitation Act) (citing cases).

Next, the failure to protect claim against Sgt. Cooper must be **dismissed**. Prison officials have a duty to protect inmates from violent assaults by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). They may be liable for breaching that duty when they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); s*ee also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). To state a claim for failure to protect, Mr. Taylor must allege that he was at a substantial risk of harm from assault and the defendants were aware of that risk but disregarded it. *See Farmer*, 511 U.S. at 834, 837; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Here, Mr. Taylor has not alleged facts that he was at a substantial risk of harm from assault that defendants were aware of.

Additionally, the Eighth Amendment conditions-of-confinement claim against Sgt. Cooper must be **dismissed**. When a prisoner alleges an Eighth

Amendment conditions-of-confinement claim, he must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Because Mr. Taylor's claims are based on Sgt. Cooper's treatment of him, not the conditions in which he was confined, he has not stated a conditions-of-confinement claim.

The claims which shall proceed are the following:

Eighth Amendment claims for excessive force and deliberate indifference based on the allegations that Sgt. Cooper failed to help Mr. Taylor receive medical care for his asthma and handcuffed him tightly, causing him pain, **shall proceed** against Sgt. Cooper.

A First Amendment claim for retaliation, based on the allegation that Sgt. Cooper retaliated against Mr. Taylor for asking for mental health treatment also **shall proceed** against Sgt. Cooper.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 16, 2026,** in which to file a motion to reconsider the screening order.

The **clerk is directed** to terminate Warden Allen, Commissioner Arnold, Indiana Department of Corrections, and Pendleton Correctional Facility as defendants on the docket.

## IV. Conclusion and Service of Process

The following claims are proceeding in this action: Eighth Amendment claims for excessive force and deliberate indifference against Sgt. Cooper. A First Amendment claim for retaliation against Sgt. Cooper. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Sgt. Cooper in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 4, 2025, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employee electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 1/23/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

QUENTIN L. TAYLOR
178973
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic service to Indiana Department of Correction:
    Sgt. Cooper
    (At Pendleton Correctional Facility)